## RON JONES & CO. and BATTLECREEK COMMONS ASSOCIATION *v.* DEPARTMENT OF REVENUE and HAROLD DOMOGALLA, ASSESSOR OF MARION COUNTY

Thomas B. Brand, Brand, Lee & Ferris, Salem, represented plaintiffs.

Donald C. Seymour, Assistant Attorney General, Salem, represented defendant Department of Revenue; Eddy R. Swearinger, Marion County Legal Counsel, Salem, represented defendant assessor.

Decision for plaintiffs rendered April 3, 1974.

CARLISLE B. ROBERTS, Judge.

Plaintiffs, utilizing the provisions of the Oregon Uniform Declaratory Judgments Act, ORS 28.010 et seq., seek a determination by this court as to whether certain water service property of Battlecreek Commons Association should be assessed for tax purposes by the County Assessor of Marion County, Oregon, or by

the Department of Revenue, a state agency. The court finds that there is a justiciable issue.

Ron Jones & Co. is an Oregon corporation, engaged in the development of real property in Marion County. Battlecreek Commons Association is an Oregon non-profit corporation, an association of owners of housing units in Battlecreek Commons, a "planned unit development," under and pursuant to the City of Salem Planned Unit Development Ordinance.

In the development of Battlecreek Commons, in excess of 88 units had been constructed at the time the complaint was filed in this suit, together with the parks, commons, streets, footways, buildings, structures and utililties designed for the benefit and enjoyment of all of the unit owners. Accordingly, the County Assessor of Marion County has assessed the planned unit development as a condominium, including the water system with the other common features thereof. The defendant, Department of Revenue, acting by and through the supervisor of the Utility Section, has made a demand upon the plaintiff, Battlecreek Commons Association, for statements required by ORS 308.520, preparatory to the assessment for ad valorem tax purposes of the water service property. The plaintiffs contend that the demands of the county assessor and of the Department of Revenue threaten the water service property with double taxation. The question appears to be one of first impression; no cases have been cited by counsel.

All real property within this state and all tangible personal property situated within this state, except as otherwise provided by law, are subject to assessment and taxation in equal and ratable proportions. ORS 307.030.

An exception is provided for the property of non-profit mutual or cooperative water associations under ORS 307.210. There is no evidence in the record indicating that this statute is applicable and it is disregarded.

ORS 308.210 provides:

"(1) The assessor shall proceed each year to assess the value of all taxable property within the county, except property that by law is to be otherwise assessed. * * *"

Among the properties "to be otherwise assessed" are those listed in ORS 308.515 (1971 Replacement Part), the pertinent parts of which read:

"(1) The Department of Revenue shall make an annual assessment, upon an assessment roll to be prepared by the department, of the following property having a situs in this state:

"(a) Except as provided in subsection (2) of this section, any property held for or used by any company in performing or maintaining any of the following businesses or services or in selling any of the following commodities, whether in domestic or interstate commerce or both, and whether mutually, or for hire, sale or consumption by other persons: * * * water; * * *.

"* * * * *

"(4) Any corporation included within subsection (1) of this section, to the extent that it actively engages in any business or service not described therein or not incidental to any business or service or sale of a commodity described therein, shall not to that extent be deemed a corporation whose properties are assessed under ORS 308.505 to 308.730."

Oregon Laws 1963, ch 541, codified as ORS 91.505 et seq., makes provision for "condominiums" in the Unit Ownership Law. The typical condominium, con-

structed for use as personal residences by the unit owners, as contemplated by this statute, provides ownership in fee simple to a specific space, designated in a declaration made by the owner (usually the developer) together with a percentage interest in the general common elements and limited common elements, if any. ORS 308.215 (1) (h) provides that the total value of the unit and the percentage interest in the common elements will be entered on the assessment roll. Each unit value is considered a "parcel of real property." ORS 91.640.

The "general common elements" are defined in ORS 91.505 (6) (d) as including:

> "Installations of central services such as power, light, gas, hot and cold water, heating, refrigeration, air conditioning, waste disposal and incinerating; * * *."

On the basis of the testimony presented, it appears that the county has modified the Unit Ownership Law, pursuant to ORS 92.044 or other applicable statute (giving to the governing body of the county the power, by regulation or ordinance, to adopt standards in addition to those otherwise provided by law), permitting the property developer to hold in trust the common elements of the property for the use and benefit of the unit owners, and to provide for the transfer of such common elements to a nonprofit corporation on behalf of the unit owners. According to the testimony, during the year or years here involved (presumably 1970, 1971, 1972), the plaintiff Ron Jones & Co., an Oregon corporation, held title to the common elements in trust for Battlecreek Commons Association, an Oregon nonprofit corporation, subject to the requirement that the property be conveyed to the nonprofit corporation at

a time certain (not to exceed 10 years). In the meantime, the common elements were assessed by the county assessor as one parcel, with the developer named as the owner. The owner paid the taxes and was reimbursed by the unit owners, on a proportional basis (the developer absorbing the cost as to those units unsold or in the course of construction). In the developer's Declaration of Covenants and Restrictions for Battlecreek Commons, a Planned Unit Development, recorded in Marion County's Town Plats, volume 25, page 12, and in the county's Deed Records, volume 695, page 521 et seq., specific reference is made to the Battlecreek Commons Association and its function of owning and managing the common elements of the property for the benefit of unit owners (who are automatically members of the association and subject to its rules). Article V, section 1, of the declaration provides that every member shall have a right and easement of enjoyment in and to the private commons and such easements shall" be appurtenant to and shall pass with the title to every lot or living unit. ("Private commons" is defined to mean parks, commons, streets, footways, buildings, structures, personal properties, and any and all other properties owned and maintained by the association for the common benefit and enjoyment of all the members of the association.)

In the opinion of this court, the organization and holding of property rights in Battlecreek Commons gives the unit owner basically the same benefits as contemplated by the Unit Ownership Law, ORS 91.505 et seq., but with a more definitive organization for the management of the common ownership than is provided in the 1963 Oregon law. Basically, both the state statute and the county ordinance deal with closely similar methods for the acquisition by private owner-

ship of a personal residence and the common ownership and control of the appurtenances and amenities relating to the personal residences by the owners of the units.

The provisions of ORS 308.505 et seq., including ORS 308.515, under which the Department of Revenue contemplates jurisdiction over the water system of the condominium, are certainly not designed for the legal and factual situation which is here presented. Mr. Ron Jones testified as to the condominium's "water system," stating that the City of Salem has an easement throughout the development in which was laid a 6-inch cast iron main to carry city water to fire hydrants. Two-inch city water meters measure the flow of water from the main through 2-inch pipes to individual units and to the sprinkling systems in the common areas. Payment for the water is made to the city.

It is apparent that the "water system" here involved is water supplied by the City of Salem, in connection with a residential development, similar to scores of other "water systems" found in the urban area of Marion County.

A study of the statutes under which the Department of Revenue claims authority, ORS 308.505 to 308.730, particularly ORS 308.515, reveals an intent to give jurisdiction to the state's tax administrator over railroads and public and private utilities, without a clear demarcation as to the limits of its duty with respect to the smaller entities. In ORS 308.515, the description of the businesses covered includes railroad transportation companies; railroad switching and terminal companies; electric rail and trackless trolley transportation companies; sleeping car companies; air or railway express companies; telegraph communi-

cation companies; telephone communication companies; heating companies; water companies; gas companies; electric power companies; pipeline companies; toll bridge companies; and others. Even with regard to these clearly designated companies, jurisdiction as to peripheral activities is limited; see subsection (4), ORS 308.515. ORS 308.517 (5) states that:

> "All property not assessed by the Department of Revenue shall be assessed in accordance with law by the assessor of the county in which such property is situated."

As in any other area of the law, questions of degree are involved. This is recognized by the department's rule OAR 150-308.515:

> "The Director of the Department of Revenue has the responsibility and shall make determinations as to which properties of companies whose properties are assessed by the Department are subject to central assessment and which properties are subject to local assessment. From time to time as occasions arise, the Department will advise the county assessor and the taxpayer by written order, property classification memorandum, map, or otherwise of assessment jurisdiction for those properties owned, used or held by centrally assessed companies in order to avoid double assessments or omitted assessments."

A number of valid reasons can be suggested to support the legislative policy of placing in the Department of Revenue the duty to assess certain public utilities and transportation companies for the benefit of the counties. Chief among these reasons would be the better and more efficient assessment of complex companies whose activities go beyond the boundaries of a single county or even of the state. Whatever the reasons, they do not appear to be validly applied to the facts in this suit.

■ The court, after a study of the Unit Ownership Law and the county's ordinance with respect to such ownerships and to the provisions for "centrally assessed corporations" under ORS 308.505 et seq., has no doubt that the legislative intent is to place the assessment of "water systems," such as that which is the subject of this suit, within the jurisdiction and duties of the county assessor and outside the scope of ORS 308.505 et seq. The defendant Department of Revenue is ordered and enjoined to refrain from assessing or attempting to assess any of the property of the Battlecreek Commons Association or the property of Ron Jones & Co. held in trust for the benefit of the Battlecreek Commons Association under and pursuant to ORS 308.515 or any other statute relating thereto.